**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LETICIA FLORES**                                                          **PLAINTIFF**

**VS.**                                                **CAUSE NO.: <u>1:25-cv-00219-HSO-RPM</u>**

**GRAND CASINOS OF BILOXI, LLC;**
**AND JOHN DOES 1-10**                                          **DEFENDANTS**

---

**FIRST AMENDED COMPLAINT**

---

      **COMES NOW,** the Plaintiff, Leticia Flores, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this First Amended Complaint against Grand Casinos of Biloxi, LLC (sometimes herein referred to as "Defendant"), and in support thereof states as follows:

## I. <u>PARTIES</u>

      1.     The Plaintiff is an adult resident of Hidalgo County, Texas and presently resides at 3108 Birdwing Street in Weslaco, Texas 78599.

      2.     The Defendant, Grand Casinos of Biloxi, LLC, is a Limited Liability Company incorporated in the State of Minnesota, with its principal place of business located at 1 Caesars Palace Drive, Las Vegas, Nevada 89109, and doing business in the State of Mississippi, whose agent for service of process is Corporation Service Company, located at 109 Executive Drive, Suite 3, Madison, Mississippi 39110 or wherever found.

## II. <u>JURISDICTION AND VENUE</u>

      3.     This Court has jurisdiction of the parties and the subject matter of this action.  Venue is proper as this civil action arises out of negligence acts and omissions committed in Harrison County, Mississippi, and the cause of action occurred and/or accrued in Harrison County, Mississippi.

### III. <u>FACTS</u>

4.    The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

5.    At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated Grand Casinos of Biloxi, LLC, known as Harrah's Casino, located at 280 Beach Boulevard, Biloxi, Mississippi 39530.

6.    At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to the casino for reasons mutually advantageous to both the Defendant and Plaintiff.

7.    On or about December 9, 2023, Plaintiff, Leticia Flores, was an invitee on property located at 280 Beach Boulevard, Biloxi, Mississippi 39530. The Plaintiff was leaving the casino and proceeding toward the parking/loading zone when she slipped and fell due to condensation build-up on the concrete surface.  In addition, there were no warning signs, cones or verbal warnings to warn of the danger.  As a result, she fractured her left knee which required surgery and hours of physical therapy.  The Plaintiff has difficulty walking long distances and requires the assistance of a walking cane as a direct result of the Defendant's negligence.

### COUNT I – CLAIM FOR PREMISES LIABLITY <u>AGAINST THE DEFENDANT</u>

8.    Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9.    At said time and place, Defendant,  as owner and/or operator of the premises, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangers not readily apparent of which it know or should have known in the exercise of

reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on

the premises, to correct any such dangerous conditions.

10.    At said time and place, Defendant breached these duties to Plaintiff by committing

one or more of the following omissions or commissions:

(a)    Negligently failing to maintain safe and secure concrete walking surfaces, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

(b)    Negligence by failing to instruct employees regarding the proper inspection and maintenance of concrete walking surfaces in a reasonably attentive manner which caused bodily injuries to the Plaintiff;

(c)    Negligence by failing to avoid the accident and thus causing injuries to the Plaintiff;

(d)    Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and maintaining concrete surfaces for safety on the premises;

(e)    Negligently failing to train and/or inadequately training its employees to properly inspect, and maintain safe and secure surfaces on the premises;

(f)    Negligently failing to follow its own corporate policy(ies) regarding the inspection, and maintenance of surfaces in the premises;

(g)    Negligently failing to have adequate policies in place to identify dangers that may exist on and around the premises, including the inspection and maintenance of the concrete walking surfaces despite knowledge of prior incidents at the subject location or other dangers that were not timely identified by the Defendant's employees and corrected/remedied or for which notices was not given to business invitees on the premises;

(h)    Negligently failing to assign specific associates/employees the task of solely inspecting and monitoring the subject premises for premises for possible dangers, including entry/exit around the loading zone walking surfaces and correcting/remedying said conditions and/or warning business invitees of said hazards on the premises;

(i)    Negligently failing to act reasonably under the circumstances; and

(j)     Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in danger to invitees, including the Plaintiff herein.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST THE DEFENDANT

11.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

(a)     Negligently failing to maintain safe and secure concrete walking surfaces, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

(b)     Negligence by failing to instruct employees regarding the proper inspection and maintenance of concrete walking surfaces in a reasonably attentive manner which caused bodily injuries to the Plaintiff;

(c)     Negligence by failing to avoid the accident and thus causing injuries to the Plaintiff;

(d)     Negligently failing to have adequate staff on duty and/or assigned to the task of properly inspecting and maintaining concrete surfaces for safety on the premises;

(e)     Negligently failing to train and/or inadequately training its employees to properly inspect, and maintain safe and secure surfaces on the premises;

(f)     Negligently failing to follow its own corporate policy(ies) regarding the inspection, and maintenance of surfaces on the premises;

(g)     Negligently failing to have adequate policies in place to identify dangers that may exist on and around the premises, including the inspection and maintenance of the concrete walking surfaces despite knowledge of prior incidents at the subject location or other dangers that were not timely identified by the Defendant's employees and corrected/remedied or for which notice was not given to business invitees on the premises;

(h)     Negligently failing to assign specific associates/employees the task of solely inspecting and monitoring the subject premises for possible dangers, including entry/exit around the loading zone walking surfaces and correcting/remedying said conditions and/or warning business invitees of said hazards on the premises;

(i)    Negligently failing to act reasonably under the circumstances; and

(j)    Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in danger to invitees, including the Plaintiff herein.

12.    At said time and place, the Defendant owned, controlled, and/or possessed the business/casino premises.

13.    At said time and place, and by virtue of ownership, control, and/or possession of the premises, the Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

14.    Further, the Defendant was negligent through the actions and inactions of its agents, representatives, and/or employees.    The negligence of the Defendant includes, but is not necessarily limited to, the following;

(a)    Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions of the walking surfaces, and the inspection and monitoring of potential dangers including walking surfaces;

(b)    Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions on the premises, including walking surfaces;

(c)    Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

(d)    Other acts of negligence to be shown at the trial of this cause.

15.    As a result, Plaintiff, Leticia Flores, slipped and fell due to condensation build-up on the concrete surface.  In addition, there were no warning signs, cones or verbal warnings to warn of the danger.  The Plaintiff fractured her left knee which required surgery and hours of physical therapy.  The Plaintiff requires the assistance of a walking cane as a direct result of the Defendant's negligence.

16.     Defendant's breach of these duties proximately caused Plaintiff to suffer serious

bodily injury and economic damages, including, but not limited to, the following:

> (a)     past, present, and future physical pain and suffering;
>
> (b)     past, present, and future medical expenses;
>
> (c)     past, present, and future loss of enjoyment of life;
>
> (d)     past, present, and future mental and emotional pain and suffering;
>
> (e)     permanent physical restrictions, limitations, and/or disability;
>
> (f)     loss of earning;
>
> (g)     loss of the ability to earn money; and
>
> (h)     any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Leticia Flores, requests a

trial by jury and demands damages including actual, compensatory, consequential, and incidental

damages, for physical injuries; past, present, and future physical and emotional pain and suffering,

past, present, and future medical expenses; and any other special damages that may be incurred by

the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem

proper.

RESPECTFULLY SUBMITTED, this the 26th day of August, 2025.

**LETICIA FLORES, PLAINTIFF**

By:     */s/ Harry M. McCumber*
        HARRY M. MCCUMBER (MSB # 10632)
        *Attorney for Plaintiff*

**OF COUNSEL:**

MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: 601-718-0921
Facsimile: 601-503-1650
Email: hmccumber@forthepeople.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Harry M. McCumber, do hereby certify that a copy of the above and foregoing has been

served upon all counsel of record by ECF, U. S. Mail, postage prepaid, and/or electronic mail:

Brett M. Bollinger, Esq. (MSB # 101502)
Jeffrey E. McDonald, Esq. (MSB # 103086)
Michael J. Gautier, Jr., Esq. (MSB # 101093)
Treadaway Bollinger, LLC
406 N Florida Street, Suite 2
Covington, LA 70433
Telephone: 985-273-3123
Facsimile: 985-871-8788
Email: brett@ztlalaw.com
Email: jeff@ztlalaw.com
Email: mike@ztlalaw.com
*Attorneys for Grand Casinos of Biloxi, LLC*

This the 26<u>th</u> day of August, 2025.

/s/ *Harry M. McCumber*
HARRY M. MCCUMBER